Michael J. McCue
Nevada Bar No. 6055
MMcCue@LRLaw.com
Jonathan W. Fountain
Nevada Bar No. 10351
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
(702) 949-8200 (tel.)
(702) 949-8398 (fax)

Attorneys for Defendant
Findlay Automotive Group, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT MICHAEL NICHOLS,<br><br>     Plaintiff,<br><br>vs.<br><br>FINDLAY AUTOMOTIVE GROUP, INC.,<br><br>     Defendant. | Case No. 2:12-cv-00093-KJD-VCF<br><br>**STIPULATION AND PROTECTIVE ORDER** |

    Plaintiff Robert Michael Nichols ("Nichols") on the one hand, and Defendant Findlay Automotive Group, Inc. ("Findlay") on the other hand, by and through their respective counsel of record, hereby agree and stipulate to the entry of this protective order ("Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The following shall govern the treatment of confidential information produced by a party ("Producing Party") to any other party ("Receiving Party"), in the course of this civil action, as follows:

**1.     GOOD CAUSE.**

    Disclosure and discovery activity in this action are likely to involve production of highly sensitive financial, business, or proprietary information, or other confidential or private information, that has not been disseminated to the public at large, which is not readily discoverable by competitors, and has been the subject of reasonable efforts by the respective

parties and/or third parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal, nor does anything herein prejudice the right of any party to object to the production of any discovery material that is legally protected from disclosure.

**2.     DEFINITIONS AND PROVISIONS GOVERNING CONFIDENTIALITY**

2.1.    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel (including their support staff).

2.2.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, depositions, subpoenas, or responses to discovery in this matter.

2.3     "CONFIDENTIAL" Information or Items: Disclosure or Discovery Material that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c), which shall only be disclosed to any Party to this litigation, as set forth in section 7.2 below. Such information should fall into, but is not limited to, one or more of the following categories: (i) sales, marketing, product, or service development strategies, tactics, or plans; (ii) sketches or mock-ups of designs; (iii) financial data; (iii) costs of doing business; (iv) customer lists; (v) business agreements and contracts; (vi) licensing negotiations and agreements; and (vi) third-party information covered by an obligation of confidentiality.

2.4.    "ATTORNEYS' EYES ONLY" Information or Items: Disclosure or Discovery Material that is extremely sensitive — such as trade secrets, or highly sensitive business

strategies, plans, or developments — and whose disclosure to any person other than the parties' respective outside counsel, as set forth in section 7.3 below, would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party, as defined herein.

2.6. Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.8. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY" and shall also include abstracts, compilations, or summaries of documents or information that is designated as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY."

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. In-House Counsel: attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties.

2.11. Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12. Retained Expert or Consultant: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee, or scheduled to become an employee, of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

Any Protected Material may not be disseminated or disclosed outside the parameters of this Stipulated Protective Order, subject to the terms thereof, whether that disclosure embodies the entirety of a designated document or any portion or segment thereof.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Nothing contained herein, however, is intended to limit or prevent a Party from introducing evidence at trial to prove its case. The use of any Protected Material at trial, however, is not addressed at this time, but may be the subject of future application to the District Court Judge assigned to this matter as the need may arise.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party shall either destroy all Protected Material, or return all Protected Material to the Producing Party, at the election of the Producing Party.  As used in this paragraph, "all Protected Material" includes all copies, reproductions, scans, or any other form of duplicating any of the Protected Material.

The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was destroyed or returned, as applicable, and that affirms that the Receiving Party has not retained any copies, reproductions, scans, or any other form of duplicating any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, abstracts, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain, summarize, describe, reference, or refer to Protected Material, so long as Counsel safeguards and limits access to that archival copy.

///

///

///

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.   <u>Exercise of Restraint and Reasonable Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Stipulated Protective Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take reasonable care to designate for protection only those materials, documents, items, or oral or written communications, or parts thereof, that qualify; such that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Designations that are shown to be clearly unjustified, or made in bad faith, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions as provided for under the Local Rules and the Federal Rules of Civil Procedure.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Party or non-party must withdraw such mistaken designation and promptly notify all other parties, in writing, that it is withdrawing the mistaken designation.

5.2.   <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated, ordered, or agreed in writing or on the record, any material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a)   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

3213634.1

1 making appropriate markings in the margins) and must specify, for each portion, the level of
2 protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

3   A Party or non-party that makes original documents or materials available for inspection
4 need not designate them for protection until after the inspecting Party has indicated which
5 material it would like copied and produced. During the inspection and before the designation, all
6 of the material made available for inspection may be deemed "ATTORNEYS' EYES ONLY."
7 After the inspecting Party has identified the documents it wants copied and produced, the
8 Producing Party must determine which documents, or portions thereof, qualify for protection
9 under this Order, then, before producing the specified documents, the Producing Party must affix
10 the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") conspicuously
11 on each page that contains Protected Material. If only a portion or portions of the material on a
12 page qualifies for protection, the Producing Party also must clearly identify the protected
13 portion(s) and must specify, for each portion, the level of protection being asserted (either
14 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

15   (b)   For testimony given in deposition or in other proceedings, that the Party or
16 non-party offering or sponsoring the testimony identify on the record, before the close of the
17 deposition, hearing, or other proceeding, all protected testimony, and further specify any portions
18 of the testimony that qualify as "ATTORNEYS' EYES ONLY."

19   When it is impractical to identify separately each portion of testimony that is entitled to
20 protection, and when it appears that substantial portions of the testimony may qualify for
21 protection, the Party or non-party that sponsors, offers, gives, or requests to designate the
22 testimony as protected, may invoke on the record (before the deposition or proceeding is
23 concluded) a right to have up to ten (10) days after the date of mailing of the final transcript to
24 identify the specific portions of the testimony as to which protection is sought and to specify the
25 level of protection being asserted ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").
26 Only those portions of the testimony that are appropriately designated for protection within the
27 10-day period shall be covered by the provisions of this Stipulated Protective Order. If the right
28 to designate testimony is exercised, the transcript shall be treated as ATTORNEYS' EYES

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

3213634.1

ONLY.

Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall conspicuously affix to each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty so designating.

(c) For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY."

(d) For inadvertent Failures to Designate, that the Producing Party may cure under the following circumstances. If corrected within thirty (30) days of disclosure, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation — thirty (30) days — must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order, subject to the provisions below.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In so conferring, the Designating Party must explain the basis for its belief that the confidentiality designation is proper, and after conferring with the challenging party, the Designating party would have an opportunity to reconsider the designation. Upon notice, the Designating Party has seven (7) days, unless

otherwise agreed between counsel, to respond to the request for re-designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged, or in the event of non-cooperation attempted to engage, in this meet and confer process first.

6.2    <u>Judicial Intervention</u>.  A Designating Party bears the burden of justifying a confidentiality designation. Either party may file a motion to challenge or to justify a confidential designation.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  Following final resolution of the litigation, a Receiving Party shall comply with the provisions of Section 4, above, and Section 11, below. Protected Material shall be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the Receiving Party himself or herself (if the Receiving Party is an individual) and, if the Receiving Party is a business entity or other organization, to the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    Retained Experts or Consultants of the Receiving Party to whom

disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound " (Exhibit A);

    (d)    the Court and its personnel;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Any party seeking to use CONFIDENTIAL information during a deposition of a non-party shall obtain a statement on the record that the non-party deponent has agreed to abide by the terms of this Stipulated Protective Order.

    (g)    the author and named recipients of the document, persons who have previously had access to the documents or CONFIDENTIAL Information other than through discovery or disclosures in the litigation, and the original source of the information.

    7.3    <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

    (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    Retained Experts or Consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A),

    (c)    a designated member of the Receiving Party's In-house Counsel (e.g. Findlay's in-house trademark counsel);

    (d)    the Court and its personnel;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure

is reasonably necessary for this litigation; and

        (f)     the author and named recipients of the document or the original source of the information.

Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel to provide to its client informed and meaningful advice, or to prevent counsel from aggregating and generally summarizing counsel's interpretation of the implications of such information as it relates to the litigation, so long as it will not reveal or disclose the specific contents of any document or information, including any figures and statistics therein, designated as "ATTORNEYS' EYES ONLY".

**8.     PROTECTED MATERIAL IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena, or an order issued in other litigation or Court proceedings, that requires disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party shall notify the Designating Party, in writing (by electronic mail and/or fax, if possible) promptly and in no event more than four (4) court days after receiving the subpoena or order but before the scheduled date for production.  Such notification shall include a copy of the subpoena or court order.

The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to seek to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

3213634.1

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and, (d) request that such person or party execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    FILING PROTECTED MATERIAL.**

In the event that any Party or non-Party decides to file with or submit to the Court any Protected Material, Counsel shall take appropriate steps to ensure the continuing confidentiality of the Protected Material, as follows:

10.1    <u>Non-Dispositive Motions</u>.  A party's or a non-party's good faith designation of Disclosure or Discovery Material as Protected Material under this Order shall constitute "good cause" for protecting such materials from public disclosure.  *See Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("when a district court grants a protective order to seal documents during discovery, 'it has already determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'") (citation omitted).  Accordingly, a Party or non-Party may file Protected Material with the Court under seal in connection with the filing of a non-dispositive motion <u>without filing a separate motion for permission to file such materials under seal</u>.  In accordance with District of Nevada Local Rule 10-5, as it pertains to the filing of papers "under seal pursuant to prior court order," any Protected Material so filed shall state directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED [Date of this Order]."

10.2    <u>Dispositive Motions</u>.  A Party who seeks to file Protected Material with the Court in connection with the filing of a dispositive motion shall (contemporaneously with the filing of its dispositive motion) file a separate motion seeking an Order permitting the filing of such Protected Material under seal.  The motion to permit the filing of such Protected Material under seal shall be

accompanied by a memorandum of points and authorities that identifies compelling reasons for non-disclosure that are sufficient to overcome the strong presumption of public access to information in a court proceeding. *See Kamakana*, 447 F.3d at 1180 ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy.").

      10.3    <u>Protected Material in Court Documents</u>. If a Party or a non-Party files a document containing Protected Material under seal (such as a motion, a memorandum of points and authorities, a declaration, etc.), the Party or non-Party filing the document shall, in addition to filing an unredacted version of the document under seal, file a public version of the document from which all Protected Material has been redacted.

**11.    MISCELLANEOUS.**

      11.1    <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

      11.2    <u>Right to Assert Other Objections</u>. By agreeing to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

      11.3    <u>Effect of Designation of Authenticity and Admissibility</u>. The placing of any confidentiality designation or a production identification label on the face of any document shall not affect the document's authenticity or admissibility in this action.

      11.4    <u>Continuing Jurisdiction</u>. All provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Stipulated Protective Order.

**12.    COURT COMPLIANCE.**

      12.1    At its option, the Court may destroy or return to the filing party and documents filed under seal after the case is closed in a time frame convenient to the Court. Any action by

this Court must be preceded by an ex parte motion for an order authorizing the return of all Confidential and Attorneys' Eyes Only Material to the party that produced the information or the destruction thereof.

12.2   The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

12.3   Without separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

**IT IS SO AGREED AND STIPULATED** this 21st day of December, 2012:

| LEWIS AND ROCA LLP | STADHEIM & GREER LTD. |
|---|---|
| By: /s/ Jonathan W. Fountain<br>Michael J. McCue<br>Jonathan W. Fountain<br>3993 Howard Hughes Parkway<br>Suite 600<br>Las Vegas, Nevada 89169<br>Tel.:  (702) 949-8200 (tel.)<br>Fax:  (702) 949-8398 (fax)<br>Email: MMcCue@LRLaw.com<br>Email: JFountain@LRLaw.com<br><br>Attorneys for Defendant<br>Findlay Automotive Group, Inc. | By: /s/ Keith A. Vogt<br>Keith A. Vogt<br>Steven R. Pedersen<br>400 North Michigan Avenue<br>Suite 2200<br>Chicago, Illinois 60611<br>Tel.:  (312) 755-4400 (tel.)<br>Fax:  (312) 755-4408 (fax)<br>Email: vogt@stadheimgreer.com<br>Email: pedersen@stadheimgreer.com<br><br>-and-<br><br>SNELL & WILMER LLP<br>Chad R. Fears<br>3883 Howard Hughes Parkway<br>Suite 1100<br>Las Vegas, Nevada 89169<br><br>Tel.:  (702) 784-5258 (tel.)<br>Fax:  (702) 784-5252 (fax)<br>Email: cfears@swlaw.com<br><br>Attorneys for Plaintiff<br>Robert Michael Nichols |

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

Dated:  1-7-2013

**Exhibit A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of [print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the District of Nevada on _____ [date] in the case of *Nichols v. Findlay Automotive Group, Inc.*, Case No. 2:12-cv-00093-KJD-VCF.

I agree to comply with and to be bound by all the terms of the Stipulation and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Name: _____

Signature: _____

Date: _____