UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT MICHAEL NICHOLS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FINDLAY AUTOMOTIVE GROUP, INC.,<br><br>　　　　　　Defendant. | Case No. 2:12-cv-00093-MMD-VCF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 11) |

**I.　SUMMARY**

Before the Court is Defendant Findlay Automotive Group, Inc.'s Motion to Dismiss Plaintiff's Complaint with prejudice. (Dkt. no. 11.) The Court has also considered Plaintiff Robert Michael Nichols' opposition and Findlay's reply. For the reasons discussed below, the motion is granted in part and denied in part.

**II.　BACKGROUND**

This case arises out of an alleged copyright infringement and breach of a fiduciary relationship. Plaintiff's Complaint alleges the following facts:

Plaintiff developed an idea to market automobiles. The idea and its accompanying website, matchmypayment.com, allowed potential car buyers to submit their preferred monthly car payment along with their contact information and obtain information from local car dealers who could "match" the payment. In July 2010, Plaintiff approached Defendant's representatives, Nathan Findlay and Chris Wooldridge, to introduce and discuss the concept. Defendant initially expressed interest in the concept. Over the

course of a few weeks, the parties discussed the program, its development, use, and compensation. Plaintiff began developing the website, conducted testing of the process, and helped develop marketing tools. By the end of July, the website was ready for consumer use. However, on August 5, 2010, Defendant told Plaintiff that the project needed to be delayed for thirty (30) days due to other projects Defendant was exploring. During this 30-day period, Defendant developed a competing website named mypayment.com, incorporating the same concept developed by Plaintiff. Defendant never indicated it intended to create its own website. Plaintiff alleges Defendant never intended to compensate him for his idea but rather intended to copy the concept.

The website included exact language developed by Plaintiff for the advertising copy of how the concept works ("Advertising Copy"). Thereafter, Plaintiff obtained a U.S. copyright (No. TX 7417297) for the Advertising Copy, which reads:

> Welcome…
> to the easiest way to shop local car dealers for the cars that fit your terms. Enter the monthly payment you're comfortable with and local dealers will send you the cars from their inventory that match your payment request. Cars for all credit situations, you will enter the dealership stress free knowing your car and payment are already in place. The best part is there is no need to run from car dealer to car dealer looking at cars. Let your next car find you! A truly unique car shopping experience.

On January 19, 2012, Plaintiff filed suit alleging four claims: (1) copyright infringement, (2) breach of fiduciary duty, (3) breach of implied contract, and (4) fraud. Defendant's filed this motion to dismiss Plaintiff's complaint with prejudice.

### III. DISCUSSION

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*,

550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to rise above the speculative level." *Id.* Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

The court has discretion to grant leave to amend and should freely do so "when justice so requires." *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (9th Cir. 2003) (*quoting Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

**B.    Analysis**

As a preliminary matter, the Court must determine which documents may be considered on a motion to dismiss. Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990). However, material which is properly submitted as part of the complaint may be considered. *Id*. Pursuant to Rule 10(c), the complaint may incorporate "a legally operable 'written instrument' such as a contract, check, *letter*, or affidavit." *Dichter-Mad Family Partners, LLP v. United States*, --- F.3d ---, 2013 WL 310284, at *2 (9th Cir. Jan. 28, 2013) (emphasis added).  Here, the Court may consider the emails attached to the Complaint for three reasons. First, the emails are operable written instruments in the form of electronic letters and are properly incorporated into the Complaint. Second, Defendant has waived any challenge to the "authenticity" of these emails by relying on them in seeking dismissal. (*See* Def.'s Motion to Dismiss, Dkt. no. 11 at 15, 17). Finally, Defendant raises the "written instrument" and "authentication" challenge for the first time in its reply, thereby not giving Plaintiff fair opportunity to oppose the challenge. Therefore, the Court will consider emails attached to the Complaint in deciding Defendant's Motion.

**1.    Statutory Damages and Attorney's Fees**

Defendant raised an argument regarding dismissal of any claims for statutory damages and attorney's fees.  However, Plaintiff's complaint does not seek this relief and Defendant admits as much in its Reply. Instead, Defendant asks this Court to dismiss a claim that was not expressly sought simply because "there was nothing preventing [Plaintiff] from" seeking that form of relief. The Court cannot preemptively dismiss a claim for a remedy that was not sought.

**2.    Copyright Infringement (Claim 1)**

Defendant invokes the merger doctrine to bar Plaintiff's copyright claim. In the Ninth Circuit, the doctrine of merger is a defense, rather than an issue of copyrightability

1  as in other circuits. *Ets-Hokin v. Skyy Spirits,Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000).
2  "Under the merger doctrine, courts will not protect a copyrighted work from infringement
3  if the idea underlying the copyrighted work can be expressed in only one way, lest there
4  be a monopoly on the underlying idea." *Id.* In such an instance, the idea and expression
5  "merge," and the expression will only be protected by copyright law if the alleged copying
6  of that expression was "nearly identical." *Apple Computer, Inc. v. Microsoft Corp.*, 35
7  F.3d 1435, 1444 (9th Cir. 1994). Thus, the central question before the Court is whether
8  the alleged infringing work could have been expressed in alternate terms; if so, then the
9  idea does not merge with the expression and is protected. *See id.*

10  Nichols alleges infringement, not of his "idea," but rather the specific language
11  contained in the Advertising Copy expressing the idea. Assuming the facts alleged in
12  the Complaint as true, Defendant verbatim reproduced the Advertising Copy language.
13  Thus, the question before the Court is whether the Advertising Copy could have been
14  expressed in alternate terms or whether the specific language merges with the "idea."
15  Here, the "idea" underlying Plaintiff's copyright is contained in the second sentence:
16  "Enter the monthly payment you're comfortable with and local dealers will send you the
17  cars from their inventory that match your payment request." While the "idea" is straight-
18  forward, this expression is not the only way to communicate the same information. In
19  fact, employing only the limited amount of creativity afforded to lawyers, the Court can
20  conjure several iterations itself. The same can be said of the remaining descriptive
21  sentences, which describe the potential benefits of using the idea. Thus, the merger
22  doctrine is inapplicable here.[1]

23  **3.   Breach of Fiduciary Duty (Claim 2)**

24  Defendant argues that Plaintiff fails to allege a legally cognizable fiduciary
25  relationship. A breach of fiduciary duty claim requires Plaintiffs to show the existence of

---

[1] Defendant raises a "functional" argument for the first time in its Reply. This is inappropriate and will not be considered.

1  a fiduciary duty, the breach of that duty, and damages proximately caused by the
2  breach. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880–81 (9th Cir. 2007)
3  (applying Nevada law); *see also Clark v. Lubritz*, 944 P.2d 861, 866-67 (Nev. 1997). "A
4  fiduciary relation exists between two persons when one of them is under a duty to act for
5  the benefit of another upon matters within the scope of the relation." *Stalk v. Mushkin*,
6  199 P.3d 838, 843 (Nev. 2009).  Moreover, fiduciary relationships arise where the parties
7  do not deal on equal terms and there is special trust and confidence placed in the
8  superior party. *Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986).

9  Joint venturers owe one another the duties of loyalty, good faith, honesty, and full
10 disclosure. *Leavitt v. Leisure Sports Inc.*, 734 P.2d 1221, 1224 (Nev. 1987). In Nevada,
11 "a joint venture is a contractual relationship in the nature of an informal partnership
12 wherein two or more persons conduct some business enterprise, agreeing to share
13 jointly, or in proportion to capital contributed, in profits and losses." *Bruttomesso v. Las*
14 *Vegas Metro. Police Dept.*, 591 P.2d 254, 256 (Nev. 1979). However, there is no one
15 exclusive test for determining a joint venture because "the relationship depends upon the
16 intention of the parties and every case must stand upon its own merits." *Las Vegas*
17 *Machine & Eng'g Works, Inc. v. Roemisch*, 213 P.2d 319, 322 (1950). In view of this, a
18 provision for sharing losses or profits is not conclusive. *Id.*

19 Plaintiff has adequately pled a claim for breach of fiduciary duty. Specifically,
20 Plaintiff's Complaint alleges that the parties met, "discuss[ed] working together to
21 develop and promote an opportunity," and Defendant "followed-up the meeting with an
22 email" noting Defendant "was 'looking forward to developing this opportunity together.'"
23 (Dkt. no. 1 at ¶ 8-11.) The Complaint also alleges that the parties collaborated on the
24 website, Plaintiff developed the website for use by Defendant, and the parties worked on
25 the "details of the advertising campaign to be used with the concept." (*Id.* at ¶ 12-13.)

26 Defendant makes three arguments in support of dismissal. First, Defendant
27 argues that Plaintiff's allegations do not show that Plaintiff put special trust and
28 confidence in Defendant. The Court disagrees. The Complaint alleges that Plaintiff

disclosed nearly all aspects of the idea, including the Advertising Copy and ideas for the radio marketing, to further the venture relationship and Defendant's profits. Second, Defendant argues that Plaintiff's allegations do not show that either party believed their relationship to be a joint venture or partnership. Again, the Court disagrees. The Complaint repeatedly refers to the "development" and "collaboration" between the parties to bring the product to the market.  Moreover, Plaintiff alleges that Defendant itself used the words "developing the opportunity together" and that the parties needed to create a document for the venture that "defines [the] relationship." (*Id.* at ¶ 10, 13). Third, Defendant argues that Plaintiff's allegations do not show intent to share in profits or losses of the project. While this is not conclusive, again the Court disagrees. The emails exchanged showed the continuing relationship, budget concerns, licensing structure, potential buy-out, and retention of rights. Accepting these factual allegations as true, they allow the Court to infer an agreement to share in profits and losses. Therefore, Plaintiff has stated a claim for breach of fiduciary duty.

### 4.     Breach of Implied Contract (Claim 3)

Defendant argues that the Complaint fails to plead the existence of a valid contract.  To state a claim for breach of contract in Nevada, a Plaintiff must demonstrate (1) the existence of a valid contract, (2) plaintiff performed or was excused from performance, (3) defendant breached, and (4) plaintiff sustained damages. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (2000) (abrogated on other grounds). Although the terms of an implied contract are manifested by conduct rather than written words as in an express contract, both "are founded upon an ascertainable agreement." *Smith v. Recrion Corp.*, 541 P.2d 663, 664–65 (Nev. 1975). To form an enforceable contract requires the following: (1) offer and acceptance, (2) meeting of the minds, and (3) consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). "[P]reliminary negotiations do not constitute a binding contract unless the parties have agreed to all material terms." *Id.* Price is a material term. *Nevada Power Co. v. Public Utilities Comm'n of Nevada*, 138 P.3d 486, 498-99 (Nev. 2006).

Plaintiff's Complaint is too vague to adequately plead a claim for breach of contract. At best, the Complaint states a legal conclusion that the contract existed without providing any factual allegations regarding the terms of the agreement. Moreover, there are theoretically two agreements here and it is wholly unclear to which of those two agreements Plaintiff refers in his claim for breach of contract. As it stands, the Complaint does not allow the Court to infer more than the mere possibility of misconduct. While conceivable that there may have been a contract, in its current form the claim for breach has not crossed the line of plausibility.

Defendant requests dismissal without leave to amend. However, based on the facts before the Court, it cannot be said that amendment would be futile. Plaintiff could plead facts that would show the existence of a valid contract with definable terms. Therefore, this claim is dismissed without prejudice.

### 5. Fraud (Claim 4)

Federal Rule of Civil Procedure Rule 9(b) requires that "circumstances constituting the fraud . . . shall be stated with particularity." Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Plaintiff has adequately pled fraud with requisite particularity. First, each email Plaintiff relies upon includes a time and date stamp (satisfying time and place requirement), the actual contents of each email (satisfying the specific content of the false representations), and the email address of the person sending and receiving the email (satisfying the identification of the parties to the misrepresentations.) Contrary to Defendant's contention, Plaintiff cannot allege specific facts showing knowledge of the falsity of the statements, as that information is solely within the Defendant's knowledge. However, through the factual allegations in the Complaint and attached emails, Plaintiff has painted the picture that Defendant began some sort of relationship with Plaintiff to use his idea and encouraged Plaintiff to work, develop, and disclose the idea while fully

intending to exploit the idea without remunerating Plaintiff. The Complaint puts Defendant on adequate notice of the allegations and gives Defendant a meaningful opportunity to respond. Therefore, the fraud claim survives this Motion.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

DATED THIS 26th day of February 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE